|  |  |  |
|---|---|---|
| 1 | | |
| 2 | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| STEPHEN CRUMP, | ) | |
| --- | --- | --- |
| Plaintiff(s), | ) | No. C 06-0267 CRB (PR) |
| vs. | ) | (Doc # 2) |
| AMY COO, et al., | ) | |
| Defendant(s). | ) | |

| STEPHEN CRUMP, | ) | |
| --- | --- | --- |
| Plaintiff(s) | ) | No. C 06-0268 CRB (PR) |
| vs. | ) | (Doc # 2) |
| E. MOSTAFANEJAD, et al., | ) | ORDER OF DISMISSAL |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the California Men's Colony in San Luis Obispo, California ("CMC"), has filed two pro se complaints under 42 U.S.C. § 1983 alleging that reception center counselors at San Quentin State Prison ("SQSP") misclassified him as a mental health needs prisoner and consequently improperly placed him at CMC. He seeks damages and transfer to a level one facility.

Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff's claim for damages against SQSP reception center counselors is DISMISSED under the authority of § 1915A(b) because misclassification does not inflict pain so as to amount to cruel and unusual punishment and thereby possibly violate the Eighth Amendment. See Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir. 1982). Nor do changes in conditions relating to classification and reclassification implicate due process. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody v. Dagget, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular classification).

Plaintiff's claim for injunctive relief may be cognizable under § 1983 if, as he alleges, CMC counselors are ignoring his serious safety concerns; however, such claim must be brought in the United States District Court for the Central

1  District of California, Western Division, where the County of San Luis Obispo
2  lies.  See  28 U.S.C. § 84(c)(2).  Plaintiff's claim for injunctive relief accordingly
3  is DISMISSED without prejudice to filing in the Central District of California,
4  Western Division.

## CONCLUSION

6  For the foregoing reasons, plaintiff's request to proceed in forma pauperis
7  is DENIED in both actions (doc # 2 in 06-0267 and doc # 2 in 06-0268) and the
8  complaints in both actions are DISMISSED.
9  The clerk shall file a copy of this order, and enter judgment in accordance
10  with this order, in both actions and close both files.  No fee is due.
11  SO ORDERED.
12  DATED:  Jan. 25, 2006

CHARLES R. BREYER
United States District Judge

3